Miles F. McDonald, J.
In this action for a permanent injunction and for money damages, plaintiff seeks an injunction pendente lite restraining the defendants from picketing in front of its premises and misrepresenting and creating the impression that a labor dispute exists between the parties. Defendants cross-move to dismiss the complaint pursuant to rules 106, 107, 112 and 113 of the Rules of Civil Practice.
The cause of the dispute revolves around the discharge of one of plaintiff’s employees. It is contended by the plaintiff that the discharge was brought about because of his unsatisfactory work even though he had been an employee for five years. Defendants, in addition to denying this allegation and by way of an affirmative defense, contend that the employee was discharged because of his union activities and under the circumstances is violative of the provisions of the National Labor Relations Act as amended.
Concededly, plaintiff is engaged in interstate commerce. Defendants having charged plaintiff with unfair labor practices, the actions of the plaintiff fall within the provisions of title 29 (§ 158) of the United States Code and under the jurisdiction of the National Labor Relations Board, no violence having been charged or established. The jurisdiction is exclusive as to acts or conduct which constitute unfair labor practice.
Where, as here, there is an arguable question of jurisdiction, determination in the first instance must be left to the National Labor Relations Board, the State courts not being the primary tribunals to adjudicate such issue (San Diego Unions v. Garmon, 359 U. S. 236; 1410 Columbia Broadcasting System v. McDonough, 8 A D 2d 695). The pre-emption theory found its origin in Garner v. Teamsters Union (346 U. S. 485) where, among other things, the court held that the State courts were excluded by the act from assuming control of matters expressly placed within the jurisdiction of the National Labor Relations Board, the injunction of picketing being within its ambit. (See, also, Weber v. Anheuser Busch, Inc., 348 U. S. 468, 475. Same effect, Youngdahl v. Rainfair, Inc., 355 U. S. 131.) Only in exceptional cases may resort be had to a State court, i.e., where the picketing is mass picketing accompanied by violence, obstruction of streets and great disorders, in which event the State under its police powers is permitted to take action (Allen-Bradley Local v. Board, 315 U. S. 740).
In any event and assuming that Congress had not pre-empted jurisdiction of the subject matter, nevertheless, this court could not grant the relief sought herein as the alleged discharge and resulting picketing constitute a labor dispute within the purview *354 of section 876-a of the Civil Practice Act (Alter v. Jones, 120 N. Y. S. 2d 709).
Further, the agreement between the parties flatly precludes and forbids either party from seeking redress of any alleged violation of the agreement in any forum other than arbitration (par. 1, [F and D]). The parties having been relegated to arbitration, the plaintiff has improperly instituted this action for an injunction.
Under the circumstances, plaintiff’s motion is denied and defendants’ motion to dismiss the complaint granted.
Settle order in accordance with the terms of this decision.