Abraham N. Geller, J.
Plaintiff employer moves for a temporary injunction to restrain picketing by defendant union on the grounds (1) that the National Labor Relations Board has dismissed the union’s complaint, which charged an unfair practice by employer in inducing its employees to repudiate the union as their bargaining representative; (2) that defendant union is the bargaining representative of only one ex-worker of plaintiff’s 21 employees; and (3) that the union’s pickets display a false placard that plaintiff’s employees are on strike and plaintiff unfair. There is no showing of violence or breach of the peace.
Defendant union cross-moves to dismiss the complaint, which demands a permanent injunction, on the ground that this court does not have jurisdiction of the subject matter of the cause of action.
In November, 1964, plaintiff recognized defendant as the bargaining representative of its warehouse employees. In January, 1965, plaintiff withdrew such recognition upon notification by its employees that they no longer desired to be represented by defendant. Defendant filed a complaint with the National Labor Relations Board, charging that plaintiff’s unfair labor practices had been responsible for the alleged repudiation by its employees. In March, 1965, the board determined after investigation that there was insufficient evidence of employer’s violation of the act and that further proceedings were not warranted “at this time”. Defendant filed a request for review in accordance with the board’s procedure and was advised by the board’s general counsel on April 12, 1965, that its appeal was under consideration. No decision has as yet been rendered.
A State court has no jurisdiction to issue an injunction or to adjudicate a labor controversy which lies within the exclusive powers of the National Labor Relations Board (Construction Laborers v. Curry, 371 U. S. 542). Plaintiff urges that this *707 court does have jurisdiction when picketing is unlawful under the law of this State and a union is subjecting an employer to economic pressure in a case where no lawful labor objective is sought by the union, citing Goodwins, Inc. v. Hagedorn (303 N. Y. 300 [1951]).
However, as the result of the impact of subsequent decisions in this field by the Supreme Court of the United States, such as San Diego Unions v. Garmon (359 U. S. 236), and the 1959 Landrum-Grifim Amendments to the National Labor Relations Act (U. S. Code, tit. 29, § 153 et seq.), the holding in Goodwins has been in effect overruled or rendered inapplicable (see Dooley v. Anton, 8 N Y 2d 91, 99 [1960]). The net effect is that, so long as the alleged illegal conduct is in violation of the Federal act or where there is an arguable question of jurisdiction as between the board and State courts, determination must be left to the board.
If this union is engaging in illegal activity in picketing and characterizing plaintiff as unfair when the board has determined that plaintiff was not unfair and that the union was not entitled to be the bargaining representative of its employees, the remedy for such conduct in view of the pending appeal clearly must lie with the board. The entire issue and matter is still sub judice with the board. Since it is within the compass of the board’s jurisdiction to enjoin the picketing here involved, this court does not have jurisdiction to grant such injunction. Defendant’s cross motion to dismiss must be granted and the complaint dismissed. Settle order.