REISMAN BROS., INC., Respondent, *v.* LOCAL 29, RETAIL, WHOLESALE AND DEPARTMENT STORE UNION, AFL-CIO et al., Appellants.

First Department, April 4, 1967.

*Harold L. Luxemburg* for appellants.

*Raphael Persky* for respondent.

*Per Curiam.* The defendants appeal from an order denying their motion to dismiss the complaint herein, the motion having been made upon the grounds (1) that the court has no jurisdiction of the subject matter of the action; (2) that the complaint fails to state a cause of action; and (3) that the subject matter has been pre-empted by the Labor Management Relations Act of 1947, as amended, of the United States (U. S. Code, tit. 29, § 141 *et seq.*).

The plaintiff is an employer engaged in operations which affect commerce within the meaning of the Federal act and plaintiff's complaint is framed on the basis of alleged wrongful conduct and activities of the defendant local union and individual officers and members of said union, also defendants, in the course of a strike against plaintiff and in the picketing of plaintiff's place of business in connection therewith.

On the basis of an affidavit and documents submitted by the defendants, it appears that, following proper proceedings before the National Labor Relations Board, such board issued a decision and direction for the holding of an election to determine whether or not the plaintiff's employees should be represented for collective bargaining purposes by the defendant local union; that such election was held but that the results thereof have not been certified because the plaintiff employer has filed objections to the conduct of the election; that the plaintiff employer filed with the National Labor Relations Board charges of unfair labor practices in the engaging by the defendant local union in " an economic strike against the employer " and in the commission by the defendants of several alleged illegal and tortious acts intended to harass, intimidate and coerce the plaintiff; that such charges of unfair labor practices were dismissed by the Regional Director but that thereafter the plaintiff employer filed with the National Labor Relations Board a request for review, which request remains, as yet, undetermined.

The plaintiff contends that the complaint states two causes of action maintainable in the State Supreme Court, namely,

one for an injunction and the other for monetary damages on the basis of alleged illegal and tortious acts committed in violation of State law. The complaint, however, expressly alleges that "during all the times * * * mentioned there was a labor dispute in existence between the plaintiff and the defendants", and it appears that some of the alleged illegal and tortious acts are the very same acts claimed in the charges filed with the National Labor Relations Board as constituting unfair labor practices intended to harass, intimidate and coerce the plaintiff. Furthermore, the complaint specifically alleges that "all of the actions of the said defendants as hereinabove set forth constituted improper conduct on the picket line and constituted improper prosecution of the strike of the defendants against the plaintiff and that all of the said actions were done maliciously and intentionally by the said defendants in order unlawfully to coerce the plaintiff into recognition of and dealing with the defendant Local 29 and were maliciously and intentionally done in order to harm the plaintiff in the conduct of its business and to deprive the plaintiff of its right to freedom of action."

It is clear that the gravamen of plaintiff's complaint is directed to acts in connection with the labor dispute between the parties that is presently the subject of proceedings before the National Labor Relations Board. The alleged wrongful conduct and activities of the defendants concern matters which are subject to the exclusive jurisdiction of such board. Consequently, the State court may not assume jurisdiction of the action for the purpose of injunctive relief or the awarding of damages to the plaintiff. (See *San Diego Unions* v. *Garmon*, 359 U. S. 236; *Vaca* v. *Sipes*, 386 U. S. 171; *Dooley* v. *Anton*, 8 N Y 2d 91; *General Advertisers Serv.* v. *"Doe"*, 16 A D 2d 552; *Georgia Co.* v. *Livingston*, 47 Misc 2d 705; *Hawthorne-Sommerfield, Inc.* v. *Hellman*, 20 Misc 2d 352.) "Even the States' salutary effort to redress private wrongs or grant compensation for past harm cannot be exerted to regulate activities that are potentially subject to the exclusive federal regulatory scheme. See *Garner* v. *Teamsters Union*, 346 U. S. 485, 492-497. It may be that an award of damages in a particular situation will not, in fact, conflict with the active assertion of federal authority. The same may be true of the incidence of a particular state injunction. To sanction either involves a conflict with federal policy in that it involves allowing two law-making sources to govern. In fact, since remedies form an ingredient of any integrated scheme of regulation, to allow the State to grant a remedy here which has been with-

held from the National Labor Relations Board only accentuates the danger of conflict.'' (*San Diego Unions* v. *Garmon, supra,* p. 247.)

The plaintiff has failed to properly plead any cause of action within the competence of the State court. The complaint does not show that the acts of defendant were so '' marked by violence and imminent threats to the public order '' as to furnish a basis for the assumption of State jurisdiction (see *San Diego Unions* v. *Garmon, supra,* p. 247). Certainly, the alleged torts affecting the individual or property rights of persons associated with plaintiff would not be actionable by it. Furthermore, in opposition to the defendants' moving papers which show prima facie a case for dismissal of the complaint, the plaintiff has failed to come forward with proof that it has any proper tort cause of action cognizable by the State court. If it has such a cause of action independent of matters arguably under the jurisdiction of the National Labor Relations Board, it may serve an amended complaint. Under the circumstances, however, any application to serve an amended complaint should be made to Special Term upon proper proofs. (CPLR 3211, subd. [c]. See, also, *Cushman & Wakefield, Inc.* v. *John David, Inc.,* 23 A D 2d 827; *Daukas* v. *Shearson, Hammill & Co.,* 23 A D 2d 833; *Andlou Props.* v. *Grayck,* 24 A D 2d 716.)

The order, entered June 29, 1966, should be reversed, on the law, with costs and disbursements to defendants and motion to dismiss complaint should be granted with leave, however, to plaintiff, to apply at Special Term to serve an amended complaint, such application to be made within 20 days after service of a copy of the order hereon with notice of entry.

Botein, P. J., Stevens, Eager, Steuer and Tilzer, JJ., concur.

Order entered on June 29, 1966, unanimously reversed, on the law, with $50 costs and disbursements to appellants, and the motion to dismiss the complaint granted, with $10 costs, with leave, however, to the plaintiff to apply at Special Term to serve an amended complaint within 20 days after service upon it of a copy of the order entered herein, with notice of entry.